DANIEL TANNENBAUM, ESQ.
580 Fifth Avenue, Suite 820
New York, New York 10036
Telephone: (212) 457-1699
*Attorney(s) for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
LUIS AYAR and RAUL REYES SALAZAR
individually, LUIS AYAR and RAUL REYES
SALAZAR on behalf of others similarly
situated,

*Plaintiffs*,

-against-

METRO MOTEL, LLC, BEN BERGER and
TOUFIC SAIEH

*Defendants.*

---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**Case No.**

Luis Ayar ("Plaintiff Ayar" or "Mr. Ayar") and Raul Reyes Salazar ("Plaintiff Reyes" or "Mr. Reyes) individually and on behalf of others similarly situated, by and through their attorney Daniel Tannenbaum, Esq., and as against Metro Motel, LLC ("Defendant Corporation") Ben Berger ("Individual Defendant" or "Mr. Berger") and Toufic Saieh ("Individual Defendant" or "Mr. Saieh"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1. Plaintiffs are former employees of Defendants METRO MOTEL, LLC, BEN BERGER, and TOUFIC SAIEH.

2. Defendant METRO MOTEL, LLC headquartered at 505 East 175th Street, Bronx, NY, 10457 owns, operates, or controls a homeless shelter and motel located at 7300 Queens Blvd, Woodside NY 11377, operating under the name Metro Motel.

3. Upon information and belief, individual Defendants BEN BERGER and TOUFIC SAIEH, serve or served as owner, manager, principal, or agent of Defendant METRO MOTEL, LLC and, through this corporate entity, operates or operated the business as a joint or unified enterprise.

4. Plaintiffs were employees of Defendants.

5. Plaintiff Reyes was employed as a laundry worker in Queens, NY.

6. Plaintiff Ayar was employed as a building cleaner or janitor in Queens, NY.

7. At times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours worked.

8. Rather, Defendants failed to pay Plaintiffs appropriately for hours worked.

9. At times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs to work in excess of forty (40) hours per week without always providing the overtime compensation required by federal and state law and regulations.

10. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

11. Plaintiffs now brings this action on behalf of themselves, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et seq. (FLSA), and for violations of the N.Y. Labor Law §190 et seq. and 650 et seq. (the NYLL), overtime wage orders of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, §141 and §146 including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district and Defendants operate a facility located in this district. Further, Plaintiffs were employed by Defendants in this district.

15. Plaintiffs now brings this action for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et seq. (FLSA), and for violations of the N.Y. Labor Law §190 et seq. and 650 et seq. (the NYLL), including applicable liquidated damages, interest, attorneys' fees and costs.

## PARTIES

*Plaintiffs*

16. Plaintiff Ayar is an adult individual residing in Queens County, New York.

17. Plaintiff Reyes is an adult individual residing in Queens County, New York.

18. Plaintiff Ayar was employed by Defendants METRO MOTEL, LLC BEN BERGER and TOUFIC SAIEH from approximately June 2001 until on or about May 2022.

19. Plaintiff Reyes was employed by Defendants METRO MOTEL, LLC BEN BERGER and TOUFIC SAIEH from approximately the year 2000 until on or about May, 2022.

20. Plaintiffs' primary work location was at 7300 Queens Blvd, Woodside NY 11377.

21. Plaintiffs consent to being party plaintiffs pursuant to 29 U.S.C. § 216(b) and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22. At all relevant times, Defendants own, operate, or control a homeless shelter and motel headquartered at 505 East 175th Street, Bronx, NY, 10457 and located at 7300 Queens Blvd, Woodside NY 11377, operating under the name Metro Motel.

23. Upon information and belief, METRO MOTEL, LLC, is a domestic corporation existing under the laws of the State of New York.

24. Defendant BEN BERGER is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant BEN BERGER is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant BEN BERGER possesses or possessed operational control over Defendant Corporation, has or had an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. He determines or determined the wages and compensation of the employees of Defendants, including Plaintiffs, establishes or established the schedules of the employees, maintains employee records, and has or had the authority to hire and fire employees.

25. Defendant TOUFIC SAIEH is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant SAIEH TOUFIC is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant TOUFIC SAIEH possesses or possessed operational control over Defendant Corporations, has or had an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. She determines or determined the wages and compensation of the employees of Defendants, including Plaintiffs, establishes or established the schedules of the employees, maintains employee records, and has or had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

26. Defendants operate a motel operating in New York. State.

27. Individual Defendants, BEN BERGER and TOUFIC SAIEH, possess or possessed operational control over Defendant Corporation, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

28. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29. Individual Defendants possess substantial control over Plaintiffs' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs.

30. Defendants jointly employed Plaintiffs and are Plaintiffs' employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31. In the alternative, Defendants constitute a single employer of Plaintiffs.

32. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

33. Upon information and belief, in each year from 2016 to 2022, Defendants had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the facility on a daily basis are goods produced outside of the State of New York.

*Plaintiffs*

35. Plaintiffs are former employees of Defendants.

*Plaintiff Raul Reyes Salazar*

36. Plaintiff Reyes was employed by Defendants from approximately the year 2000 until on or about May, 2022.

37. Defendants employed Plaintiff Reyes as a laundry worker.

38. Plaintiff Reyes regularly handled goods in interstate commerce, such as tools, materials, and other supplies produced outside the State of New York.

39. Plaintiff Reyes's schedule was approximately 9am to 5pm or 10am to 6pm Tuesday to Saturday.

40. Plaintiff Reyes would occasionally begin work earlier or end work later than his regularly scheduled shifts.

41. Throughout his employment, Defendants paid Plaintiff Reyes wages by direct deposit.

42. Defendants paid Mr. Reyes at the minimum wage rate.

43. Plaintiffs Reyes's pay rate did not always vary when he was required to work overtime hours.

44. Defendants did not give notice to Mr. Reyes in English or Spanish (his primary language) of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

45. Defendants did not provide Plaintiff Reyes an accurate statement of wages, as required by NYLL 195(3).

46. Upon termination, Defendants did not pay vacation pay owed to Mr. Reyes by the next regular pay date, or at any time, as required by NYLL §191(3).

47. During his employment, over twenty-five percent of Mr. Reyes's duties were physical tasks, including but not limited to: (1) washing towels, sheets, and other washables; (2) folding towels, sheets, and other washables; and (3) stacking and carrying towels, sheets, and other washables;

48. Despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Mr. Reyes has been compensated by Defendants on a bi-weekly basis.

49. For example, for the period beginning on February 7 2022 and ending February 20, 2022, Mr. Reyes was paid his lawfully earned wages on February 24, 2022.

50. In this regard, Defendants failed to pay Mr. Reyes his wages earned from February 7, 22 through February 13, 2022 by February 20, 2022, as required by NYLL § 191(1)(a).

*Plaintiff Luis Ayar*

51. Plaintiff Luis Ayar was employed by Defendants from approximately June 2001 until on or about May 2022.

52. Defendants employed Plaintiff Ayar as a building cleaner / janitor.

53. Plaintiff Ayar regularly handled goods in interstate commerce, such as tools, materials, and other supplies produced outside the State of New York.

54. Plaintiff Ayar's schedule was approximately 8:30 a.m. until on or about 4:30 p.m, Monday to Friday.

55. Plaintiff Ayar would occasionally begin work earlier or end work later than his regularly scheduled shifts.

56. Throughout his employment, Defendants paid Plaintiff Ayar his wages by direct deposit.

57. Defendants paid Mr. Ayar at the minimum wage rate.

58. Plaintiffs Ayar's pay rate did not always vary even when he was required to work overtime hours.

59. Defendants did not give notice to Mr. Ayar in Englsih or Spanish (his primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

60. Defendants did not provide Plaintiff Ayar an accurate statement of wages, as required by NYLL 195(3).

61. Upon termination, Defendants did not pay vacation pay owed to Mr. Ayar by the next regular pay date, or at any time, as required by NYLL §191(3).

62. During his employment, over twenty-five percent of Mr. Ayar's duties were physical tasks, including but not limited to: (1) cleaning floors; (2) carrying garbage; and (3) performing maintenance tasks;

63. Despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Mr. Reyes has been compensated by Defendants on a bi-weekly basis.

64. For example, for the period beginning on February 7 2022 and ending February 20, 2022, Mr. Ayar was paid his lawfully earned wages on February 24, 2022.

65. In this regard, Defendants failed to pay Mr. Ayar his wages earned from February 7, 22 through February 13, 2022 by February 20, 2022, as required by NYLL § 191(1)(a).

## FLSA COLLECTIVE ACTION CLAIMS

66. Plaintiffs brings their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

67. At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA.

68. The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

69. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

70. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

71. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

72. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act 29 U.S.C. § 203 (r-s).

73. Defendants, in violation of the Fair Labor Standards Act. 29 U.S.C. § 203 *et seq.*, failed to pay Plaintiffs' overtime compensation at rates of one and one-half times the regular rate of pay for hours worked in excess of forty hours in a work week.

74. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of the Fair Labor Standards Act.

75. Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

76. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

77. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law § 2 and 651. Defendants had the power to hire and fire Plaintiffs, control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

78. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

79. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

80. Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

81. Plaintiffs repeat and realleges all paragraphs above as though fully set forth herein.

82. Defendants failed to provide Plaintiffs with a written notice, in English (or Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by

the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

83. Defendants are liable to Plaintiffs in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

84. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

85. With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

86. Defendants are liable to Plaintiffs in the amount of $5,000 each, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## NEW YORK LABOR LAW – FAILURE TO PAY TIMELY WAGES

87. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

88. The timely payment of wages provisions NYLL § 191 and its supporting

regulations apply to Defendants and protect Plaintiffs.

89. Defendants failed to pay Plaintiffs on a timely basis as required by NYLL § 191(3)

90. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants the amount of their unpaid wages as well as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(e) Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and

damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. §216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(h) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiffs;

(j) Awarding Plaintiffs damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k) Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation, and untimely pay shown to be owed pursuant to NYLL §663 as applicable; and liquidated damages pursuant to NYLL §198(3);

(l) Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(m) Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(n) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(o) All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
August 8, 2022

By: /s Daniel Tannenbaum
　DANIEL TANNENBAUM, ESQ.
580 Fifth Avenue, Suite 820
New York, New York 10036
Telephone: (212) 457-1699
*Attorney for Plaintiffs*

# Daniel Tannenbaum, Esq.

580 Fifth Avenue, Suite 520
New York, New York 10036
Telephone: (212) 457-1699

July 18, 2022

TO:  Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                Raul Reyes Salazar

Legal Representative / Abogado:    Daniel Tannenbaum, Esq.

Signature / Firma:            *[signature]*

Date / Fecha:                July 18, 2022

# Daniel Tannenbaum, Esq.

580 Fifth Avenue, Suite 520
New York, New York 10036
Telephone: (212) 457-1699

August 2, 2022

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)

Name / Nombre:                    Luis Ayar

Legal Representative / Abogado:   Daniel Tannenbaum, Esq.

Signature / Firma:                [signature]

Date / Fecha:                     August 2, 2022